1  ELLIS GEORGE LLP
   Matthew L. Venezia (State Bar No. 313812)
2     mvenezia@ellisgeorge.com
   George B. A. Laiolo (State Bar No. 329850)
3     glaiolo@ellisgeorge.com
   2121 Avenue of the Stars, 30th Floor
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff Anthony Randall

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTHONY RANDALL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED NETWORK FOR ORGAN SHARING; CEDARS-SINAI MEDICAL CENTER,<br><br>　　　　Defendants. | Case No. 2:23-cv-02576-MEMF (MAAx)<br>The Hon. Maame Ewusi-Mensah Frimpong, Ctrm: 8B<br><br>**PLAINTIFF ANTHONY RANDALL'S EX PARTE APPLICATION TO RECONSIDER ORDER ENTERED ON AUGUST 14, 2023 [DKT. 37]**<br><br>*[Filed Concurrently with Declaration of Matthew L. Venezia; Declaration of Cleveland Holt; Declaration of Randolf Hallman; and [Proposed] Order]*<br><br>Trial Date:  None Set |

**TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

Plaintiff Anthony Randall ("Plaintiff") will and hereby does apply, ex parte, in accordance with Local Rules 7-18 and 7-19, for an order reconsidering the Court's prior order declining to set a case management conference such that discovery may begin [ECF No. 37] (the "Application"). Plaintiff respectfully reiterates its request that the Court schedule a Case Management Conference and allow discovery to begin.

The requested relief is necessary and appropriate because putative class members routinely contact the undersigned counsel seeking legal advice concerning their wait-time adjustments and kidney candidacies, but absent any discovery, and with UNOS not reasonably forthcoming with related information, counsel's ability to provide legal advice to putative class members is seriously prejudiced. Moreover, given a recent status update posted on UNOS's website, Plaintiff is concerned that UNOS has not meet its commitment to adjust wait-times by January 3, 2024. Discovery on this issue is required to determine whether a motion for a temporary restraining order or preliminary injunction is appropriate, and to obtain potential evidence on such a motion.

This Application is based upon this notice, the attached memorandum of points and authorities, the Declaration of Matthew L. Venezia ("Venezia Decl."), the Declaration of Cleveland Holt ("Holt Decl."), the Declaration of Randolph Hallmon ("Hallmon Decl."), matters of judicial notice, and any other matters the Court may properly consider.

In accordance with Local Rule 7-19.1, Plaintiff gave notice of the Application to Defendants UNOS and Cedars-Sinai on January 26, 2024, and conferred telephonically on January 30, 2024. Venezia Decl., ¶¶ 13–14 & Exh. E. Defendants UNOS and Cedars-Sinai indicated that they oppose the Application. *Id.* at ¶ 14. Contact information for opposing counsel is as follows:

| United Network for Organ Sharing | Cedars-Sinai Medical Center |
|---|---|
| Shawn R. Obi (sobi@winston.com) | Jon Kardassakis |
| Winston & Strawn LLP | (jon.kardassakis@lewisbrisbois.com) |
| 333 S. Grand Avenue | Danielle E. Stierna |
| Los Angeles, CA 90071 | (danielle.stierna@lewisbrisbois.com) |
| (213) 615-1763 | Lewis Brisbois Bisgaard & Smith LLP |
|  | 633 West 5th St., Suite 4000 |
|  | Los Angeles, CA 90071 |
|  | (213) 680-5040 |
| Daniel Blouin (dblouin@winston.com) |  |
| Thomas Weber (tgweber@winston.com) |  |
| Winston & Strawn LLP |  |
| 35 W. Wacker Drive |  |
| Chicago, IL 60601 |  |
| (312) 558-7544 |  |

Dated:  February 1, 2024         ELLIS GEORGE LLP
                                            Matthew L. Venezia
                                            George B. A. Laiolo

                                    By:   */s/ Matthew L. Venezia*
                                            Matthew L. Venezia
                                    Attorneys for Plaintiff Anthony Randall

## **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................. 1

    A.    Plaintiff files the complaint challenging use of the race-based coefficient and Defendants file motions to dismiss. ............................... 1

    B.    The Court denies Plaintiff's request to begin discovery. ......................... 2

    C.    UNOS begins to process wait-time adjustments, and transplant hospitals, directed by UNOS, send notices to putative class members concerning wait-time adjustments. .......................................... 3

    D.    The lack of discovery impairs counsels' ability to advise putative class members in receipt of such notices, and in urgent need of transplants. .................................................................................... 3

    E.    UNOS fails to reasonably address waitlist member inquiries. ............... 4

    F.    UNOS's press release casts doubt on UNOS's timely completion of wait-time adjustments. ........................................................................ 5

ARGUMENT .................................................................................................... 5

    A.    Newly Occurring Circumstances Warrant Reconsideration of the Order. ................................................................................................. 5

    B.    Ex parte relief is appropriate. ................................................................. 7

        1.    Plaintiff stands to suffer irreparable prejudice absent ex parte relief. ................................................................................... 7

        2.    Plaintiff is not at fault for the urgency requiring ex parte relief. ........................................................................................ 8

CONCLUSION ................................................................................................ 9

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009) ............................................................................... 5

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995) ................................................................. 7, 8

**RULES**

L.R. 7-18 ............................................................................................................. 2, 5

L.R. 7-19 ................................................................................................................. 2

L.R. 7-19.1 .............................................................................................................. 2

Rule 26(f) ................................................................................................................ 2

**REGULATIONS**

45 CFR § 5b ........................................................................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES
# PRELIMINARY STATEMENT

Plaintiff respectfully requests, on behalf of himself and the putative class members, reconsideration of the Court's prior order declining to set a Case Management Conference such that discovery may begin [ECF No. 37]. In response to notices concerning potential wait-time adjustments being sent at UNOS's direction to current Black members of the kidney waitlist, the undersigned now regularly receives requests for legal advice from putative class members.

The lack of any discovery significantly impedes counsel's ability to advise these waitlist members. Plaintiff's counsel cannot confirm, for instance, whether UNOS completed processing wait-time adjustments as promised or whether any individual waitlist member's adjustment has been processed. Nor does Plaintiff's counsel have evidence needed to move for a temporary restraining order or preliminary injunction should it be the case that UNOS has yet to implement all wait-time adjustments. Indeed, UNOS has not been reasonably forthcoming with this type of information when approached by Plaintiff's counsel.

Plaintiff's concern that UNOS did not meet its promise to adjust all wait-time calculations by January of 2024 is reasonable based upon the information available to Plaintiff. Putative class members, even after being advised they are entitled to wait-time adjustments, have struggled to confirm their adjustments were finalized. Moreover, despite UNOS's own admission that it is required to update wait-times for the approximately 27,500 Black members of its kidney waitlist, as of July 5, 2023, only 6,100 adjustments had been processed. The putative class members urgently need insight into the status of this process.

# FACTUAL AND PROCEDURAL BACKGROUND

**A.     Plaintiff files the complaint challenging use of the race-based coefficient and Defendants file motions to dismiss.**

Plaintiff filed his First Amended Complaint on April 21, 2023. ECF No. 12.

As the Court is aware, Plaintiff alleges that UNOS's and Cedars-Sinai's use of the race-based coefficient to manipulate eGFR scores—"justified" only by defunct racial stereotypes that Black Americans have more muscle mass than other races—is discriminatory against Black Americans in need of donor kidneys. *Id.* at ¶¶ 4–11, 27–44. That is, the race-based coefficient delays Black kidney disease patients from qualifying for the kidney waitlist and accruing wait-time, wrongfully placing Black candidates at the end of the line behind similarly situated White candidates. *Id.*

On May 26, 2023, UNOS and Cedars-Sinai filed Motions to Dismiss the First Amended Complaint. ECF Nos. 23, 25. Said Motions were fully briefed, and then heard by the Court on October 26, 2023. ECF No. 38. The Court took the Motions under submission at the conclusion of this hearing and they remain pending for ruling. *Id.*

### B. The Court denies Plaintiff's request to begin discovery.

On August 10, 2023, Plaintiff filed a Motion to Require Rule 26(f) Conference arguing that Defendants refused to participate in a Rule 26(f) Conference in a strategic attempt to avoid the opening of discovery. *See generally* ECF No. 34. In this regard, Plaintiff argued that the Federal Rules of Civil Procedure, particularly when read along with the admonition in this Court's Standing Order that "[i]f this action is a putative class action, the parties are to act diligently and begin discovery immediately," should lead this Court to set a Case Management Conference and allow discovery to begin. *Id.* at 6.

The Court denied the Motion, disagreeing with Plaintiff's reading of the relevant Federal Rules of Civil Procedure, and further finding that "the lack of any allegations suggesting spoilation or an urgent need to commence discovery" weighed against granting Plaintiff's request. ECF No. 37.

### C. UNOS begins to process wait-time adjustments, and transplant hospitals, directed by UNOS, send notices to putative class members concerning wait-time adjustments.

To implement wait-time adjustments, UNOS instructed transplant hospitals to contact waitlist members and send two notices, one notice sent before a hospital's assessment of their waitlist providing instructions as to how to obtain an adjustment, and a second notice advising the waitlist members whether they are entitled to a wait-time adjustment. *See* Venezia Decl., Exh. C. Notably absent from this procedure, however, is any notice from UNOS to the Black waitlist members when their wait-times are in fact adjusted in the UNet algorithm that actually determines who gets awarded a kidney.

### D. The lack of discovery impairs counsels' ability to advise putative class members in receipt of such notices, and in urgent need of transplants.

Given the amount of Black waitlist members in urgent need of kidneys, it comes as no surprise that several putative class members, in receipt of a notice from their transplant hospital regarding the recalculation of wait-times, have contacted counsel seeking legal advice about their individual situations. Venezia Decl., ¶¶ 8–9; Holt Decl., ¶¶ 11–13; Hallmon Decl., ¶¶ 11–13. Submitted with this Application are declarations from two such waitlist members who were informed their accrual of wait-time was delayed four years, and eight months, respectively. Holt Decl., ¶ 6; Hallmon Decl., ¶ 7. These putative class members seek urgent legal advice concerning their candidacy for donor kidneys. UNOS's lack of transparency, coupled with discovery remaining closed in this case, currently prejudices counsels' ability to provide said advice. Venezia Decl., ¶ 10.

Illustrated by these declarations is that this case is not just about a discriminatory algorithm. That algorithm has worsened the lives or caused the deaths of tens- if not hundreds-of-thousands of Black kidney disease patients. Mr.

Hallmon is required to undergo tiring and time-consuming dialysis treatments every single night after work, attaching a dialysis machine to a port in his stomach for 8.5 hours. Hallmon Decl., ¶¶ 4–5. Mr. Holt, since April of 2020, has been required to travel to a dialysis clinic for multiple hours of treatment per day. Holt Decl. ¶ 4. Mr. Holt's prolonged dialysis treatments also caused him to develop and suffer from a severe heart condition. *Id.* For such patients, UNOS's prompt and accurate implementation of wait-time adjustments could truly be life-or-death. Holt Decl., ¶ 10; Hallmon Decl., ¶ 10.

### E. UNOS fails to reasonably address waitlist member inquiries.

Discovery is required to obtain information from UNOS because it refuses to reasonably engage Plaintiff's counsel concerning putative class members' inquiries. To demonstrate this point, in November of 2023, Plaintiff's counsel was approached by a member of the putative class, who was informed by his transplant hospital that he was entitled to a wait-time adjustment, and further that a donor kidney would soon become available for which he would be considered. Venezia Decl., ¶¶ 3–4. To be clear, this was an urgent situation where a kidney was to be awarded imminently, the type of which other waitlist members are likely to experience in the near future because kidneys are awarded quickly when they become available.

Without any time for formal retention, discovery requests, or motion practice, Plaintiff's counsel contacted counsel for UNOS in an attempt to ensure that this putative class member's wait-time adjustment was processed prior to UNOS awarding the matching donor kidney. *Id.* at ¶¶ 4–5 & Exh. A. UNOS's counsel refused to facilitate the request, instead directing Plaintiff's counsel to email UNOS's "privacy portal," which then stated that, prior to releasing any information, the putative class member would be required to present, among other things, a notarized statement confirming the he is who he says he is, and if represented by an attorney, a letter on law firm letterhead confirming that he is represented by an attorney. *Id.* at ¶¶ 6–7 & Exh. B. When Plaintiff's counsel challenged this procedure

as unnecessary, UNOS's counsel, without any sense of irony, criticized the putative class member for seeking to "jump the line" for UNOS's processing of wait-time adjustments. *Id.* at ¶ 6.

### F. UNOS's press release casts doubt on UNOS's timely completion of wait-time adjustments.

On December 4, 2023, UNOS provided a public update on the status of its processing of wait-time adjustments. UNOS reports that as of July 5, 2023, 6,100 Black kidney candidates had received wait-time adjustments. Venezia Decl., Exh. D. That is a paltry sum for more than six months of processing time—given that it only represents approximately 22% of the total wait-time adjustments to be processed, there being an estimated 27,500 being Black members of the kidney waitlist—and casts serious doubt on whether UNOS will meet its commitment to process all wait-time adjustments by January 3, 2024. ECF No. 12, ¶ 19.

## ARGUMENT

### A. Newly Occurring Circumstances Warrant Reconsideration of the Order.

A motion for reconsideration of an earlier order is appropriate upon "the emergence of new material facts or a change of law occurring after the Order was entered[.]" L.R. 7-18[1]; *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (motion for reconsideration is an appropriate procedure to present "newly discovered evidence" so long as that evidence "could [not] have been introduced earlier in the litigation") (internal citations omitted). Here, Plaintiff presents newly accrued evidence that could not have been presented earlier, because it did not yet exist.

---

[1] Reconsideration may also be granted where these new facts "in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered[.]" L.R. 7-18.

1  The first piece of new evidence upon which this Motion relies is UNOS's
2  refusal to cooperate with the undersigned counsel's request to confirm a certain
3  putative class member's wait-time adjustment was processed. This happened in
4  November of 2023. Venezia Decl., ¶¶ 2–7. The second piece of evidence is UNOS's
5  press release issued on December 5, 2023. *Id.* at Exh. D. Thereafter, numerous other
6  putative class members contacted counsel seeking legal advice concerning their
7  wait-time adjustments, prompted by notices of UNOS's changed policy, including
8  Mr. Holt and Mr. Hallmon. *Id.* at ¶¶ 8–9. Counsel could not independently identify
9  these wait-list members without being permitted to conduct discovery, nor were
10 these wait-list members prompted to contact counsel until receiving notice of their
11 right to a wait-time adjustment. Holt Decl., ¶¶ 5, 6, 8, 11; Hallmon Decl.; ¶¶ 5, 8,
12 11–12. This is the type of newly accrued evidence that the motion for
13 reconsideration device is designed to allow the Court to consider. Nor could this
14 reconsideration request have been submitted within 14 days of the Order, as
15 suggested by the Local Rule. This evidence accrued more than 14 days after the
16 Order was entered.
17      Moreover, respectfully, consideration of this new evidence should cause the
18 Court to reach a different decision and allow discovery to proceed. The putative
19 class members seek important information about the status of UNOS's processing of
20 wait-time adjustments, and their candidacy for donor kidneys, and UNOS has not
21 been reasonably cooperative in providing such information outside of the discovery
22 process.
23      Again, the last time a putative class member sought confirmation that his
24 wait-time had been adjusted by UNOS, needing immediate confirmation given that
25 UNOS could run its algorithm to award the matching kidney at any second, UNOS
26 responded with unnecessary administrative roadblocks. In addition to asking for
27 identifying information that was already provided (e.g., name and transplant
28 hospital), UNOS requested the waitlist member provide a statement on law firm

letterhead confirming that counsel represents the waitlist member, even though counsel already explained by email that he was making the request on behalf of the waitlist member. UNOS further requested that the waitlist member provide a notarized statement confirming they are who they say they are. This is not a reasonable request to make of waitlist members needing urgent assistance. For instance, when is Mr. Hallmon, who already struggles to make it to and from work each day in time to do his 8.5 hour treatments, supposed to make time to draft and have signed the notarized statement required by UNOS?[2]

On the other hand, there is no prejudice to the Defendants in allowing discovery to begin at this time. This matter has been pending for approximately 10 months already and discovery would be no more burdensome to UNOS now than further down the line.

### B. Ex parte relief is appropriate.

To obtain ex parte relief, the moving party must show that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures[,]" and that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiff satisfies this standard.

#### 1. Plaintiff stands to suffer irreparable prejudice absent ex parte relief.

"To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Mission Power*, 883 F. Supp. at 492.

---

[2] Any reference to 45 CFR part 5b would be a red herring. By their plain language, those Federal regulations apply to the Department of Health & Human Services, not the non-governmental entity UNOS. What is at issue here are waitlist members requesting information concerning *their own wait-time calculation* from UNOS.

As outlined above, having recently been informed that they are entitled to wait-time adjustments because of UNOS's use of the discriminatory race-based coefficient, many putative class members are now seeking legal advice concerning their rights in this case. These are people waiting for life-saving kidneys right now, and the lack of insight into UNOS's wait-time adjustment process, or ability to practically and timely obtain information from UNOS concerning particular putative class members' situations, prejudices counsels' ability to provide legal advice to the putative class members. The availability of relevant discovery could thus be a life-or-death issue for certain of the putative class members, e.g., if a wait-time calculation has not been adjusted, the putative class member does not have the evidence required to challenge the inaction, and thus misses out on a donor kidney.

UNOS, to the contrary, stands to suffer no prejudice. It is not any more burdensome for UNOS to participate in discovery now than it would be for discovery to begin later in the year. Indeed, it would be to UNOS's benefit to work collaboratively with the putative class members to ensure the wait-time adjustment process is completed properly given UNOS's potential liability for mistakes or oversights.

### 2. **Plaintiff is not at fault for the urgency requiring ex parte relief.**

"To show that the moving party is without fault, or guilty only of excusable neglect[,]" the moving party must show that it played no role in "the creation of the crisis" that necessitates "bypassing regular motion procedures[.]" *Mission Power*, 883 F. Supp. at 493.

Here, the urgent nature of this Motion came about because several putative class members recently contacted Plaintiff's counsel seeking legal advice. Venezia Decl., ¶¶ 8–9. The timing of those inquiries were guided not by anything done by Plaintiff or the putative class members, but by UNOS's self-established schedule to notify waitlist members of their eligibility for wait-time adjustments, allowing that

PLAINTIFF ANTHONY RANDALL'S EX PARTE APPLICATION TO RECONSIDER
ORDER ENTERED ON AUGUST 14, 2023 [DKT. 37]

process to continue into January of 2024. *Id.* at Exh. D. Moreover, that kidney awards are made by UNOS with little lead time or notice is a function of the science, presumably donor kidneys can only be preserved for so long, not any delay attributable to Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant the Application.

Dated:  February 1, 2024

ELLIS GEORGE LLP
Matthew L. Venezia
George B. A. Laiolo

By: */s/ Matthew L. Venezia*
Matthew L. Venezia
Attorneys for Plaintiff Anthony Randall