**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
CEDARS-SINAI MEDICAL CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTHONY RANDALL,<br><br>            Plaintiff,<br><br>      vs.<br><br>UNITED NETWORK FOR ORGAN SHARING; CEDARS SINAI HEALTH VENTURES,<br><br>            Defendants. | Case No. 2:23-CV-02576-MEMF<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>FSC Date:        None Set<br>Trial Date:       None Set |

Defendant Cedars-Sinai Medical Center ("Cedars-Sinai" or "Defendant") answers the Second Amended Class Action Complaint ("Second Amended Complaint") as follows:

## INTRODUCTION

1.   Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 1 and on that basis denies each and every averment contained therein.

2.   Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 2 and on that basis denies each and every

139195120.1

1  averment contained therein.

2      3.      In response to paragraph 3, Cedars-Sinai admits an estimated

3  glomerular filtration rate test, commonly referred to as an eGFR, is one method

4  kidney function is measured.  Cedars-Sinai admits that a patient's eGFR score can

5  be used for some patients to determine when the patient is eligible to begin accruing

6  wait time on the national kidney waitlist.  Except as expressly admitted and averred

7  herein, Cedars-Sinai denies each and every averment in paragraph 3.

8      4.      For its answer to paragraph 4, Cedars-Sinai admits and avers the

9  studies regarding creatinine in Black Americans Plaintiff references and

10  characterizes in paragraph 4 are the best evidence of their contents.  Except as

11  expressly admitted and averred herein, Cedars-Sinai denies each and every averment

12  in paragraph 4.

13      5.      For its answer to paragraph 5, Cedars-Sinai admits and avers the

14  studies regarding creatinine in Black Americans and the creation of the race-based

15  coefficient to eGFR scores Plaintiff references and characterizes in paragraph 5 are

16  the best evidence of their contents.  Except as expressly admitted and averred

17  herein, Cedars-Sinai denies each and every averment in paragraph 5.

18      6.      For its answer to paragraph 6, Cedars-Sinai admits and avers the

19  studies regarding creatinine in Black Americans, the creation of the race-based

20  coefficient to eGFR scores, and the article Plaintiff references, characterizes, and

21  purports to quote in paragraph 6 are the best evidence of their contents.  Except as

22  expressly admitted and averred herein, Cedars-Sinai denies each and every averment

23  in paragraph 6.

24      7.      For its answer to paragraph 7, Cedars-Sinai admits and avers the UNOS

25  website Plaintiff references, characterizes, and includes a purported image of in

26  paragraph 7, are the best evidence of its contents.  Except as expressly admitted and

27  averred herein, Cedars-Sinai denies each and every averment in paragraph 7.

28      8.      For its answer to paragraph 8, Cedars-Sinai admits and avers that a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1

2

DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

patient's eGFR score can be used to in some patients to determine when the patient is eligible to begin accruing wait time on the national kidney waitlist and that eGFR scores and wait time can be factors in some instances for determining which patient will be awarded an available kidney. Cedars-Sinai admits an eGFR score must fall below 20 ml/min before it can be used to qualify a patient to accrue wait time. Except as expressly admitted and averred herein, Cedars Sinai denies each and every averment in paragraph 8.

9.     For its answer to paragraph 9, Cedars-Sinai admits and avers that until recently, a race-based coefficient was applied to some Black patients' eGFR scores increasing them such that their unmodified eGFR scores were below 20 ml/min before they could begin accruing wait time. Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 9.

10.     For its answer to paragraph 10, Cedars-Sinai admits and avers beginning dialysis, which can be recommended when certain symptoms of kidney disease present themselves or kidney function falls below 15 ml/min, is another way for a patient to qualify to begin accruing wait time. Except as expressly admitted and averred herein, Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 10 and on that basis denies each and every averment contained therein.

11.     For its answer to paragraph 11, Cedars-Sinai admits and avers the UNOS announcements Plaintiff references and characterizes in paragraph 11 are the best evidence of their contents. Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 11.

12.     For its answer to paragraph 12, Cedars-Sinai admits and avers the UNOS announcement Plaintiff references and characterizes in paragraph 12 is the best evidence of its contents. Except as expressly admitted and averred herein, Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 12 and on that basis denies each and every averment

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1

3

DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

1 │ contained therein.

2 │      13.    Cedars-Sinai admits the allegations in paragraph 13.

3 │      14.    For its answer to paragraph 14, Cedars-Sinai admits and avers the

4 │ notification it sent to Plaintiff and its other Black kidney disease patients in March

5 │ 2023 that Plaintiff references, characterizes, and purports to quote is the best

6 │ evidence of its contents.   Except as expressly admitted and averred herein, Cedars-

7 │ Sinai denies each and every averment in paragraph 14.

8 │      15.    Cedars-Sinai lacks sufficient information and knowledge to admit or

9 │ deny the allegations in paragraph 15 and on that basis denies each and every

10 │ averment contained therein.

11 │      16.    Cedars-Sinai lacks sufficient information and knowledge to admit or

12 │ deny the allegations in paragraph 16 and on that basis denies each and every

13 │ averment contained therein.

14 │      17.    For its answer to paragraph 17, Cedars-Sinai admits and avers Plaintiff

15 │ is identified as a Black American, was on UNOS's national kidney transplant

16 │ waitlist, suffered from kidney disease, took eGFR tests , at least some of which

17 │ appear to have had the race-based coefficient applied, and his reported eGFR test

18 │ results were eventually low enough to qualify him to be added to the waitlist to

19 │ begin accruing time.  Except as expressly admitted and averred herein, Cedars-Sinai

20 │ denies each and every averment in paragraph 17.

21 │      18.    For its answer to paragraph 18, Cedars-Sinai admits and avers Plaintiff

22 │ was on the national kidney transplant waitlist for more than five years and would

23 │ have had a qualifying eGFR score prior to that absent application of the race-based

24 │ coefficient.  Except as expressly admitted and averred herein, Cedars-Sinai denies

25 │ each and every averment in paragraph 18.

26 │      19.    For its answer to paragraph 19, Cedars-Sinai admits and avers new

27 │ donor kidneys become available and incorrect wait times of Black patients could be

28 │ one factor that could affect their fair consideration for kidneys as they become

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1

4

DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

1  available.  Except as expressly admitted and averred herein, Cedars-Sinai denies

2  each and every averment in paragraph 19.

3  <center>**PARTIES**</center>

4      20.    Cedars-Sinai lacks sufficient information and knowledge to admit or

5  deny the allegations in paragraph 20 and on that basis denies each and every

6  averment contained therein.

7      21.    Cedars-Sinai lacks sufficient information and knowledge to admit or

8  deny the allegations in paragraph 21 and on that basis denies each and every

9  averment contained therein.

10     22.    Cedars-Sinai admits the allegations in paragraph 22.

11 <center>**JURISDICTION AND VENUE**</center>

12     23.    Paragraph 23 purports to state a legal conclusion to which no response

13 is required.  To the extent a response may be required, Cedars-Sinai admits and

14 avers that this Court has subject matter jurisdiction over Plaintiff's federal law claim

15 under 28 U.S.C. § 1331 and over Plaintiff's state law claims under 28 U.S.C. §§

16 1332(d), 1343, and 1367 based on claims as presently pled in the Second Amended

17 Complaint.  Except as expressly admitted and averred herein, Cedars-Sinai denies

18 each and every averment in paragraph 23.

19     24.    Paragraph 24 purports to state a legal conclusion to which no response

20 is required.  To the extent a response may be required, Cedars-Sinai admits and

21 avers venue is proper in this district pursuant to 28 U.S.C. § 1391.  Except as

22 expressly admitted and averred herein, Cedars-Sinai denies each and every averment

23 in paragraph 24.

24     25.    Paragraph 25 purports to state a legal conclusion to which no response

25 is required.  To the extent a response may be required, Cedars-Sinai lacks sufficient

26 information and knowledge to admit or deny the allegations in paragraph 25 and on

27 that basis denies each and every averment contained therein.

28     26.    Cedars-Sinai admits this Court has personal jurisdiction based on the



1  location of its principal place of business.  Except as expressly admitted and averred
2  herein, Cedars-Sinai denies each and every averment in paragraph 26.

## RESPONSE TO GENERAL ALLEGATIONS

4  **A. For its answer to paragraph A, Cedars-Sinai admits and avers the**
5  **national kidney transplant list is maintained by defendant UNOS and**
6  **wait time is one factor considered in awarding donor kidneys.  Except as**
7  **expressly admitted and averred herein, Cedars-Sinai denies each and**
8  **every averment in paragraph A.**

9  27.    For its answer to paragraph 27, Cedars-Sinai admits and avers the
10  federal statute Plaintiff references and characterizes in paragraph 27 is the best
11  evidence of its contents.  Cedars-Sinai admits and avers kidney patients may also
12  seek a kidney from a private donor while being on the national wait list.  Except as
13  expressly admitted and averred herein, Cedars-Sinai denies each and every averment
14  in paragraph 27.

15  28.    For its answer to paragraph 28, Cedars-Sinai admits and avers UNOS
16  manages the national registry for kidney donor matching and UNOS's website that
17  Plaintiff references, characterizes, and purports to quote is the best evidence of its
18  contents.  Cedars-Sinai admits and avers UNOS establishes and implements policy
19  concerning how donor kidneys will be awarded to patients with kidney disease.
20  Except as expressly admitted and averred herein, Cedars-Sinai denies each and
21  every averment in paragraph 28.

22  29.    For its answer to paragraph 29, Cedars-Sinai admits and avers there is a
23  process by which a patient can be added to the national kidney transplant waitlist
24  which includes receiving a referral from their physician and being a patient at a
25  transplant hospital like Cedars-Sinai.  Except as expressly admitted and averred
26  herein, Cedars-Sinai denies each and every averment in paragraph 29.

27  30.    For its answer to paragraph 30, Cedars-Sinai admits and avers the
28  national kidney transplant waitlist is maintained using UNOS software known as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

UNet and after a new patient is added to the waitlist, the referring hospital is able to enter medical information about that patient including eGFR scores, which the UNet software tracks.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 30.

31.    Cedars-Sinai admits the allegations in paragraph 31.

32.    For its answer to paragraph 32, Cedars-Sinai admits and avers accrued wait time is one factor considered by UNet's algorithm to rank candidates for potentially compatible kidneys.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 32.

33.    For its answer to paragraph 33, Cedars-Sinai admits and avers referral to the waitlist does not automatically start the clock on qualifying wait time. Cedars-Sinai admits and avers a patient can accrue qualifying wait time by being added to the national wait list with a qualifying eGFR score or by beginning dialysis.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 33.

**B. For its answer to paragraph B, Cedars-Sinai admits and avers a race-based coefficient was used for some eGFR scores for Black patients. Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph B.**

34.    For its answer to paragraph 34, Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 34 and on that basis denies each and every averment contained therein.

35.    For its answer to paragraph 35, Cedars-Sinai admits and avers the application of the race-based coefficient to eGFR scores for Black Americans was accepted medical practice for years based on then-accepted medical studies.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 35.

36.    For its answer to paragraph 36, Cedars-Sinai admits and avers one way

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1

7

DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

for a patient to begin accruing wait time is to be added to the national wait list with a qualifying eGFR score, and for Black patients who had the race-based coefficient applied, the race-based coefficient raised their eGFR score which could prevent them for qualifying to be added to the waitlist and accrue qualifying wait time. Except as expressly admitted and averred herein, Cedars-Sinai denies each and every other averment in paragraph 36.

37.     For its answer to paragraph 37, Cedars-Sinai admits and avers UNOS allowed use of the race-based coefficient for eGFR scores which could affect a patient's wait time and that the UNet software includes an algorithm that considers wait time as one factor in ranking patients for donor kidneys.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 37.

38.     Cedars-Sinai denies the allegations in paragraph 38.

39.     For its answer to paragraph 39, Cedars-Sinai admits and avers the article by Dr. Toni Martin published in November 2011 in the American Journal of Kidney Disease that Plaintiff references, characterizes, and purports to quote is the best evidence of its contents.  Except as expressly admitted and averred herein, Cedars Sinai denies each and every averment in paragraph 39.

40.     For its answer to paragraph 40, Cedars-Sinai admits and avers a Black patient on the national wait list whose eGFR scores were increased by use of the race-based coefficient could have accrued less wait time than if the race-based coefficient were not applied and that wait time is one factor considered when awarding donor kidneys.  Except as expressly admitted and averred herein, Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 40 and on that basis denies each and every averment contained therein.

41.     Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 41 and on that basis denies each and every averment contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1                                                8
DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

42.     Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 42 and on that basis denies each and every averment contained therein.

43.     Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 43 and on that basis denies each and every averment contained therein.

**C. Cedars-Sinai denies the allegations in paragraph C.**

44.     For its answer to paragraph 44, Cedars-Sinai admits and aver the UNOS press release Plaintiff references, characterizes, and purports to quote in paragraph 44 and footnote 2 is the best evidence of its contents.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 44.

45.     For its answer to paragraph 45, Cedars-Sinai admits and avers UNOS implemented policy disallowing use of the race-based coefficient for Black patients' eGFR scores as of July 27, 2022.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 45.

46.     Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 46 and on that basis denies each and every averment contained therein.

47.     For its answer to paragraph 47, Cedars-Sinai admits and avers the January 5, 2023 UNOS policy announcement Plaintiff references and purports to characterize in paragraph 47 is the best evidence of its contents.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 47.

48.     Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 48 and on that basis denies each and every averment contained therein.

49.     For its answer to paragraph 49, Cedars-Sinai admits and avers the UNet

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  algorithm continued to use wait times as one factor when determining the ranking of
2  kidney donor matches during the period of time wait times were being considered
3  for adjustment.  Except as expressly admitted and averred herein, Cedars-Sinai
4  denies each and every averment in paragraph 49.

5       50.    Cedars-Sinai lacks sufficient information and knowledge to admit or
6  deny the allegations in paragraph 50 and on that basis denies each and every
7  averment contained therein.

8   **D. For its answer to paragraph D, Cedars-Sinai admits and avers Plaintiff**
9       **had eGFR scores for years that applied the race-based coefficient.**
10      **Except as expressly admitted and averred herein, Cedars-Sinai denies the**
11      **allegations of paragraph D.**

12      51.    Cedars-Sinai lacks sufficient information and knowledge to admit or
13  deny the allegations in paragraph 51 and on that basis denies each and every
14  averment contained therein.

15      52.    For its answer to paragraph 52, Cedars-Sinai admits and avers Plaintiff
16  had multiple eGFR scores that applied the race-based coefficient.  Except as
17  expressly admitted and averred herein, Cedars-Sinai lacks sufficient information and
18  knowledge to admit or deny the allegations in paragraph 52 and on that basis denies
19  each and every averment contained therein.

20      53.    For its answer to paragraph 53, Cedars-Sinai admits and avers Plaintiff
21  had multiple eGFR scores.  Except as expressly admitted and averred herein,
22  Cedars-Sinai denies each and every averment in paragraph 53.

23      54.    Cedars-Sinai lacks sufficient information and knowledge to admit or
24  deny the allegations in paragraph 54 and on that basis denies each and every
25  averment contained therein.

26      55.    Cedars-Sinai lacks sufficient information and knowledge to admit or
27  deny the allegations in paragraph 55 and on that basis denies each and every
28  averment contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1                                    10
DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

56.     Cedars-Sinai denies the allegations in paragraph 56.

57.     For its answer to paragraph 57, Cedars-Sinai admits and avers Plaintiff was an alternate candidate to receive a donor kidney in December of 2022.  Except as expressly admitted and averred herein, Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 57 and on that basis denies each and every averment contained therein.

58.     For its answer to paragraph 58, Cedars-Sinai admits and avers Plaintiff's wait time was not recalculated by Cedars-Sinai prior to December of 2022 after UNOS announced in June 2022 that it would stop accepting eGFR scores that applied the race-based coefficient.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 58.

59.     Cedars-Sinai denies each and every averment in paragraph 59.

60.     For its answer to paragraph 60, Cedars-Sinai denies each and every averment in paragraph 60.

61.     For its answer to paragraph 61, Cedars-Sinai denies each and every averment in paragraph 61.

**E.  Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph E and on that basis denies each and every averment contained therein.**

62.     Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 62 and on that basis denies each and every averment contained therein.

## RESPONSE TO CLASS ACTON ALLEGATIONS

63.     For its answer to paragraph 63, Cedars-Sinai admits and avers that Plaintiff purports to bring this action on behalf of himself and his proposed putative class definitions.  Except as expressly admitted and averred herein, Cedars-Sinai denies the allegations of paragraph 63.

64.     For its answer to paragraph 64, Cedars-Sinai admits and avers Plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  seeks damages for the proposed putative class stated therein.  Except as expressly

2  admitted and averred herein, Cedars-Sinai denies the allegations of paragraph 64.

3      65.    For its answer to paragraph 65, Cedars-Sinai admits and avers that

4  Plaintiff purports to bring this action on behalf of himself and his proposed putative

5  subclass definitions.  Except as expressly admitted and averred herein, Cedars-Sinai

6  denies the allegations of paragraph 65.

7      66.    For its answer to paragraph 66, Cedars-Sinai admits and avers Plaintiff

8  seeks damages for the proposed putative subclass stated therein.  Except as

9  expressly admitted and averred herein, Cedars-Sinai denies the allegations of

10  paragraph 66.

11      67.    For its answer to paragraph 67, Cedars-Sinai admits and avers Plaintiff

12  seeks damages for the proposed putative subclass stated therein.  Except as

13  expressly admitted and averred herein, Cedars-Sinai denies the allegations of

14  paragraph 67.

15      68.    Paragraph 68 purports to state a legal conclusion to which no response

16  is required.  To the extent a response may be required, Cedars-Sinai denies each and

17  every averment in paragraph 68.

18      69.    Paragraph 69 purports to state a legal conclusion to which no response

19  is required.  To the extent a response may be required, Cedars-Sinai denies each and

20  every averment in paragraph 69.

21      70.    Paragraph 70 purports to state a legal conclusion to which no response

22  is required.  To the extent a response may be required, Cedars-Sinai denies each and

23  every averment in paragraph 70.

24      71.    Paragraph 71 purports to state a legal conclusion to which no response

25  is required.  To the extent a response may be required, Cedars-Sinai denies each and

26  every averment in paragraph 71.

27      72.    Paragraph 72 purports to state a legal conclusion to which no response

28  is required.  To the extent a response may be required, Cedars-Sinai denies each and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1                    12
DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

1  every averment in paragraph 72.

2      73.    Paragraph 73 purports to state a legal conclusion to which no response

3  is required.  To the extent a response may be required, Cedars Sinai denies each and

4  every averment in paragraph 73.

5      74.    Paragraph 74 purports to state a legal conclusion to which no response

6  is required.  To the extent a response may be required, Cedars-Sinai denies each and

7  every averment in paragraph 74.

8      75.    Paragraph 75 purports to state a legal conclusion to which no response

9  is required.  To the extent a response may be required, Cedars-Sinai denies each and

10  every averment in paragraph 75.

11      76.    Paragraph 76 purports to state a legal conclusion to which no response

12  is required.  To the extent a response may be required, Cedars-Sinai denies each and

13  every averment in paragraph 76.

14      77.    Paragraph 77 purports to state a legal conclusion to which no response

15  is required.  To the extent a response may be required, Cedars-Sinai denies each and

16  every averment in paragraph 77.

17      78.    Paragraph 78 purports to state a legal conclusion to which no response

18  is required.  To the extent a response may be required, Cedars-Sinai denies each and

19  every averment in paragraph 78.

20      79.    Paragraph 79 purports to state a legal conclusion to which no response

21  is required.  To the extent a response may be required, Cedars-Sinai denies each and

22  every averment in paragraph 79.

23      80.    Cedars-Sinai lacks sufficient information and knowledge to admit or

24  deny the allegations in paragraph 80 and on that basis denies each and every

25  averment contained therein.

26      81.    Paragraph 81 purports to state a legal conclusion to which no response

27  is required.  To the extent a response may be required, Cedars-Sinai admits and

28  avers UNOS maintains the national kidney waitlist, and Cedars-Sinai is located in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

California.  Except as expressly admitted and averred herein, Cedars-Sinai lacks sufficient information and knowledge to admit or deny the allegations in paragraph 81 and on that basis denies each and every averment contained therein.

82.     Paragraph 82 purports to state a legal conclusion to which no response is required.  To the extent a response may be required, Cedars-Sinai denies each and every averment in paragraph 82.

### RESPONSE TO FIRST CAUSE OF ACTION

**(Violation of Title VI of the Civil Rights Act of 1964)**

83.     For its answer to paragraph 83, Cedars-Sinai refers to and incorporates by reference each of its responses to the preceding paragraphs in the Second Amended Complaint.

84.     For its answer to paragraph 84-89, Cedars-Sinai admits and avers Plaintiff purports to bring this claim against UNOS only and thus Cedars-Sinai does not need to respond to the allegations in paragraph 84-89. To the extent a response is required, Cedars-Sinai denies the allegations.

### RESPONSE TO SECOND CAUSE OF ACTION

**(Violation of the Unruh Civil Rights Act [California Civil Code § 51])**

85.     For its answer to paragraph 90, Cedars-Sinai refers to and incorporates by reference each of its responses to the preceding paragraphs in the Second Amended Complaint.

86.     For its answer to paragraph 91, Cedars-Sinai admits and avers Plaintiff purports to bring this claim against UNOS and Cedars Sinai on behalf of his proposed classes.  Except as expressly admitted and averred herein, Cedars-Sinai denies the allegations in paragraph 91.

87.     Paragraph 92 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Cedars-Sinai denies the allegations in paragraph 92.

88.     Paragraph 93 purports to state a legal conclusion to which no response

1   is required.  To the extent a response is required, Cedars-Sinai admits and avers

2   UNOS allowed use of eGFR scores that applied the race-based coefficient to some

3   patients identified as Black within California which could have delayed their accrual

4   of wait time, which is one factor used to determine ranking for donor kidneys that

5   become available.  Except as expressly admitted and denied herein, Cedars-Sinai

6   denies the allegations in paragraph 93.

7        89.    For its answer to paragraph 94, Cedars-Sinai admits and avers UNOS

8   used the wait times in its UNet software some of which included wait times based

9   on eGFR scores that applied a race-based coefficient to some patients identified as

10  Black and that wait time is one factor used to determiner ranking for donor kidneys

11  that become available.  Except as expressly admitted and averred herein, Cedars-

12  Sinai lacks sufficient information and knowledge to admit or deny the allegations in

13  paragraph 94 and on that basis denies each and every averment contained there.

14       90.    For its answer to paragraph 95, Cedars-Sinai admits and avers it

15  submitted to UNOS eGFR scores that applied the race-based coefficient for some

16  patients identified as Black.  Except as expressly admitted and averred herein,

17  Cedars-Sinai denies each and every averment in paragraph 95.

18       91.    Paragraph 96 purports to state a legal conclusion to which no response

19  is required.  To the extent a response is required, Cedars-Sinai admits and aver it is

20  located in California.  Except as expressly admitted herein, Cedars-Sinai denies each

21  and every averment in paragraph 96.

22       92.    Paragraph 97 purports to state a legal conclusion to which no response

23  is required.  To the extent a response is required, Cedars-Sinai denies each and every

24  averment in paragraph 97.

25              **RESPONSE TO THIRD CAUSE OF ACTION**

26                  **(Breach of Fiduciary Duty)**

27       93.    For its answer to paragraph 98, Cedars-Sinai refers to and incorporates

28  by reference each of its responses to the preceding paragraphs in the Second

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1
15
DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

Amended Complaint.

94.    For its answer to paragraph 99, Cedars-Sinai admits and avers Plaintiff purports to bring this claim against UNOS and Cedars Sinai on behalf of his proposed classes.  Except as expressly admitted and averred herein, Cedars-Sinai denies the allegations in paragraph 99.

95.    Paragraph 100 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Cedars-Sinai admits and avers it was the transplant hospital for Plaintiff.  Except as expressly admitted and averred herein, Cedar-Sinai denies each and every averment in paragraph 100.

96.    Paragraph 101 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Cedars-Sinai denies each and every averment in paragraph 101.

97.    For its answer to paragraph 102, Cedars-Sinai admits and avers it submitted to UNOS eGFR scores that applied the race-based coefficient for some patients identified as Black.  Except as expressly admitted and averred herein, Cedars-Sinai denies each and every averment in paragraph 102.

98.    Paragraph 103 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Cedars-Sinai denies each and every averment in paragraph 103.

## RESPONSE TO FOURTH CAUSE OF ACTION

**(Violation of California's Unfair Competition Law [ Cal. Bus. & Prof. Code § 17200 et seq.])**

99.    For its answer to paragraph 104, Cedars-Sinai refers to and incorporates by reference each of its responses to the preceding paragraphs in the Second Amended Complaint.

100.   For its answer to paragraph 105, Cedars-Sinai admits and avers Plaintiff purports to bring this claim against UNOS and Cedars Sinai on behalf of his proposed classes.  Except as expressly admitted and averred herein, Cedars-Sinai

1    denies the allegations in paragraph 105.

2         101.   Paragraph 106 purports to state a legal conclusion to which no response

3    is required.  To the extent a response is required, Cedars-Sinai admits and avers

4    UNOS allowed use of and Cedars-Sinai submitted to UNOS eGFR scores that

5    applied the race-based coefficient to some patients identified as Black which could

6    have delayed their accrual of wait time, which is one factor used to determine

7    ranking for donor kidneys that become available.  Except as expressly admitted and

8    denied herein, Cedars-Sinai denies the allegations in paragraph 106.

9         102.   Paragraph 107 purports to state a legal conclusion to which no response

10   is required.  To the extent a response is required, Cedars-Sinai lacks sufficient

11   information and knowledge to admit or deny the allegations in paragraph 107 and on

12   that basis denies each and every averment contained therein.

13        103.   Paragraph 108 purports to state a legal conclusion to which no response

14   is required.  To the extent a response is required, Cedars-Sinai admits and aver it is

15   located in California.  Except as expressly admitted herein, Cedars-Sinai denies each

16   and every averment in paragraph 108.

17        104.   For its answer to paragraph 109, Cedars-Sinai lacks sufficient

18   information and knowledge to admit or deny the allegations in paragraph 109 and on

19   that basis denies each and every averment contained therein.

20        105.   Paragraph 110 purports to state a legal conclusion to which no response

21   is required.  To the extent a response is required, Cedars-Sinai admits denies each

22   and every averment in paragraph 110.

23              **RESPONSE TO PRAYER FOR RELIEF**

24        Cedars-Sinai denies that Plaintiff or putative class members are entitled to the

25   relief requested against Cedar-Sinai in paragraphs 1 through 7 on pages 21 and 22 of

26   the Second Amended Complaint.

27                        **JURY DEMAND**

28        Cedars-Sinai demands a trial by jury for all claims so triable.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Second Amended Complaint, and each and every cause of action therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Compliance with Applicable Law)**

Cedars-Sinai's practices were not unlawful in that Cedars-Sinai complied with all applicable statutes and regulations including but not limited to fiduciary duties and having a reasonable basis based on then-accepted medical practice at the time for its practices in relation to the Unruh Act, Unfair Competition Law, and fiduciary duty.

**THIRD AFFIRMATIVE DEFENSE**

**(Absence of Injury)**

Plaintiff and putative class members have not sustained any legal injury or damage as a result of any actions allegedly taken by Cedars-Sinai, and are thus barred from asserting claims against Cedars-Sinai.

**FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Actions or Inaction)**

Plaintiff's damages and the damages of the putative class members, if any, have been caused by their own actions or inaction, including, but not limited to, not seeking to be referred to the national wait list sooner or questioning use of the race-based coefficient on their eGFR lab results.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches and Unclean Hands)**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of laches and unclean hands.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

To the extent Plaintiff or the putative class members have alleged any injury, the sole and proximate cause of the alleged injury results from the actions, inactions, or negligence, in whole or in part, of persons other than Cedars-Sinai for whose actions, inactions, or negligence, in whole or in part, Cedars-Sinai is in no way liable.  Plaintiff and the putative class are not, therefore, entitled to recover from Cedars-Sinai in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

Plaintiff and the putative class members may be barred from recover, in whole or in part, due to the intervening cause of another party or medical condition.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Exhaustion)

The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrines of waiver and exhaustion.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Ratification)

The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of ratification.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's and the putative class members' claims are barred by the statute of limitations.  The Unruh Civil Rights Act does not include a provision expressly

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

specifying the statute of limitations.  Courts typically apply either a two-year statute of limitations based on claims of personal injury, or a three-year statute of limitations for claims based on statutory provisions.  *Brown v. Napa Valley Sch. Dist.*, No. C-11-5673 JCS, 2012 U.S. Dist. LEXIS 69943, *27 (N.D. Cal. May 18, 2012) (stating Unruh Act has no statute of limitations and citing Ninth Circuit cases that applied both two and three years); *Hernandez v. Sutter West Capital*, No. C 09-03658 CRD, 2010 U.S. Dist. LEXIS 88109, *7-8 (N.D. Cal. Aug. 26, 2010) (noting the statute of limitations for an Unruh Act claim is an open question and applying a two-year limit); *Gilley v. JPMorgan Chase Bank, N.A.*, No. 12cv1774 AJB (JMA), 2012 U.S. Dist. LEXIS 189888, *15 (S.D. Cal. Oct. 12, 2012) (applying two year limit based on parties' agreement); *Frances v. Accessible Space, Inc.*, NO. 2:16-cv-1016-JAM-GGH, 2018 U.S. Dist. LEXIS 72546, *19 (E.D. Cal. Apr. 28, 2018) (citing cases and finding most district courts apply three-year limitations period).

"The code of civil procedure does not specify a statute of limitations for breach of fiduciary duty."  *Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011).  Unless the gravamen of the claim is for a different kind of claim, section 343 of the Code of Civil Procedure provides a "residual four-year statute of limitations."  *Id.*  The gravamen of the claim here appears to be the same as the alleged discrimination underlying the Unruh Act claim.

The statute of limitations for a UCL claim is four years.  *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013) (citing Cal. Bus. & Prof. Code § 17208).  The four-year limitations period applies even if the UCL claim is based on a violation of some other law.  *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016) (citation omitted).

## TWELFTH AFFIRMATIVE DEFENSE

### (Class Treatment Inappropriate)

If the Court grants class certification and/or otherwise aggregates claims of multiple persons, it will violate the Due Process Clause of the Fifth Amendment of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1

20

DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution if the Court adopts rules or procedures and/or standards of proof that allow for relaxed rules regarding what each plaintiff and/or putative class member must prove to establish liability, damages, or entitlement to any other relief. Similarly, it will violate Cedars-Sinai's constitutional rights if the Court adopts presumptions and/or inferences that, in effect, increase the burden of proof on affirmative defenses under the claims or prevent them from being met as to individual putative class members.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

If the Court grants class certification and aggregates the claims of Plaintiff and the putative class, the result would be an unconstitutionally excessive imposition of damages in violation of the Due Process clause of the Fifth Amendment of the United States Constitution, and the Due Process provision of the Fourteenth Amendment of the United States Constitution. The aggregate damages requested by Plaintiff would not be proportionate to Cedars Sinai's alleged culpability, the relationship between the harm alleged and the penalty, actual damages (if any), and Cedars-Sinai's ability to pay and are thus excessive and unconstitutional.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Defenses Specific to Putative Class Members)

Cedars-Sinai may have additional unique affirmative defenses applicable to different putative class members. Cedars-Sinai reserves the right to assert such additional affirmative defenses as the need arises.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's and the putative class member's claims are barred to the extent they have failed to mitigate damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*Res Judicata*)

The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of *res judicata*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Release, Accord and Satisfaction)

Plaintiff's and the putative class member's claims are barred to the extent individual putative class members have released claims against Cedars-Sinai.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

Cedars-Sinai reserves the right to amend its Answer and Affirmative Defenses and/or to assert additional affirmative defenses as they become known to Cedars-Sinai through the course of discovery and further investigation.  Cedars-Sinai has not knowingly or intentionally waived any applicable affirmative defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

139195120.1

22

DEFENDANT, CEDARS-SINAI MEDICAL CENTER'S ANSWER TO SECOND AMENDED COMPLAINT

1    **WHEREFORE,** Cedars-Sinai prays that the Court determine and adjudge:

2    a)  that this suit cannot be maintained as a class action;

3    b)  that judgment be entered in Cedars-Sinai's favor against Plaintiff on each

4         and every cause of action in the Second Amended Complaint;

5    c)  that Plaintiff take nothing by the Second Amended Complaint;

6    d)  that Cedars-Sinai be awarded its costs, disbursements, attorneys' fees, and

7         expenses incurred herein; and

8    e)  any other and further relief as the Court deems appropriate.

9

10   DATED:  April 26, 2024              LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13                          By: _____
                                 DANIELLE E. STIERNA
14                               Attorneys for Defendant,  CEDARS-SINAI
                                 MEDICAL CENTER
15

16

17

18

19

20

21

22

23

24

25

26

27

28

