**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON KARDASSAKIS
E-Mail: Jon.Kardassakis@lewisbrisbois.com
633 West 5th St., Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
CEDARS-SINAI MEDICAL CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTHONY RANDALL,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED NETWORK FOR ORGAN SHARING; CEDARS-SINAI MEDICAL CENTER,<br><br>Defendants. | Case No. 2:23-cv-02576 MEMF<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**NOTICE OF ERRATA RE CORRECTION TO CITATION IN CEDARS-SINAI'S MOTION IN LIMINE NO. 1**<br><br>Date:      September 27, 2025<br>Time:      9:00 a.m.<br>Crtrm.:    8B<br><br>FSC Date:  09/27/2025<br>Trial Date:  10/06/2025 |

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 20, 2025, defendant Cedars-Sinai Medical Center ("Cedars") filed with the court its Notice of Motion and Motion *in Limine* No. 1 to Exclude Opinion Testimony of Herbert Y. Lin at Trial. [ DKT 162, "Motion"]. Plaintiff Anthony Randall's opposition to same [DKT 205], dated September 3, 2025, identified a typographical and/or clerical error in one of the Motion's case citations. As submitted, the relevant cite with quotation reads: "*See id.* (rejecting amendment, finding "the new theories of liability have been within Plaintiffs' knowledge from the inception of this action")." [DKT. 162 at page 5, lines

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

5-6]. The corrected citation reads: "*See Mejia v. Ill. Tool Works Inc.,* 2019 US. Dist. LEXIS 228668, *22 (C.D. Cal. Dec. 12, 2019) (rejecting amendment, finding "the new theories of liability have been within Plaintiffs' knowledge from the inception of this action")." The citation error occurred when drafting the Motion; while the quoted text is accurate, the proper citation was inadvertently omitted.

Cedars hereby submits the corrected Motion, attached as Exhibit 1.

DATED:  September 12, 2025      LEWIS BRISBOIS BISGAARD & SMITH LLP


By:        */s/ Jon Kardassakis*
_____
Jon Kardassakis
Attorneys for Defendant,
CEDARS-SINAI MEDICAL CENTER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT 1

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JON KARDASSAKIS
2  E-Mail: Jon.Kardassakis@lewisbrisbois.com
   633 West 5th St., Suite 4000
3  Los Angeles, California 90071
   Telephone: 213.250.1800
4  Facsimile: 213.250.7900

5  Attorneys for Defendant
   CEDARS-SINAI MEDICAL CENTER
6

7

8                  UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  ANTHONY RANDALL,                     | Case No. 2:23-cv-02576 MEMF

12              Plaintiff,               | Hon. Maame Ewusi-Mensah Frimpong

13         vs.                           | **CEDARS-SINAI MEDICAL
                                         | CENTER'S NOTICE OF MOTION
14  UNITED NETWORK FOR ORGAN            | AND MOTION *IN LIMINE* NO. 1
    SHARING; CEDARS-SINAI               | TO EXCLUDE OPINION
15  MEDICAL CENTER,                     | TESTIMONY OF HERBERT Y. LIN
                                         | AT TRIAL; MEMO OF POINTS
16              Defendants.             | AND AUTHORITIES;
                                         | DECLARATION OF JON
17                                       | KARDASSAKIS**

18                                       | FSC Date:  09/27/2025
                                         | Trial Date:  10/06/2025
19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

163042031.1

CEDARS-SINAI MEDICAL CENTER'S MOTION IN LIMINE NO. 1

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on September 27, 2025,[1] or as soon thereafter

3  as the matter may be heard in the above-referenced court located at United States

4  Courthouse 8B, 350 West First Street, Los Angeles, California, defendant Cedars-

5  Sinai Medical Center will and hereby does move *in limine* as follows:

6        **Motion in Limine No. 1:**  To preclude the following testimony of Herbert Y.

7  Lin at trial: (1) Cedars-Sinai's kidney transplant selection policy could and did cause

8  treating nephrologists to delay referral of patients, including Anthony Randall, to

9  Cedars-Sinai for waitlisting until patient calculated eGFR was 20 or below (*see*

10 Decl. of Dr. Herbert Y. Lin in Support of Plaintiff's Reply in Support of Motion for

11 Class Certification (March 17, 2025)) ¶¶ 32, 35, 39; *see also* Rebuttal Report of Dr.

12 Herbert Y. Lin (March 28, 2025)) ¶¶ 18, 40, 43, 47); and (2) Cedars knowingly used

13 a race-adjusted eGFR score when Plaintiff was referred by Kaiser with completed

14 test results (*see, e.g.,* Lin Decl. ¶ 38; Lin Rebuttal ¶¶ 41, 46).

15       This motion *in limine* is based on this Notice of Motion and Accompanying

16 Memorandum of Points and Authorities, the Declaration of Jon Kardassakis, the

17 records and files of the Court, and any other matter of which this Court may take

18 judicial notice.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25

26 _____

27 [1]  The Court ordered motions *in limine* to be heard at the Final Pre-Trial
   Conference.  That conference is set for September 27; the start time has yet to be

28 set.  *See* Dkt. 96.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>Certification of Compliance</u>

2        Pursuant to L.R. 7-3, the parties conferred regarding the issues raised in this

3 Motion on August 13, 2025.  Declaration of Jon Kardassakis ¶ 2.

4 DATED:  August 20, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7                              By:      */s/ Jon Kardassakis*
                                    Jon Kardassakis
8                                    Attorneys for Defendant,
                                    CEDARS-SINAI MEDICAL CENTER
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND BACKGROUND

Anthony Randall ("Plaintiff") was a Kaiser patient who received treatment for his kidney function from a Kaiser nephrologist.  To be eligible to start accruing wait time on the national kidney transplant list, an individual needs to be accepted by a transplant center as a qualifying transplant patient and either have commenced dialysis or have a kidney function test score of 20 or below.  In May 2017, Plaintiff had a blood test at Kaiser that reported an eGFR score of 21.  In January and February 2018, he had additional blood tests at Kaiser that reported a kidney function score of 18.  In June 2018, Kaiser referred Plaintiff to Cedars-Sinai Medical Center ("Cedars") for kidney transplant evaluation.  One of Plaintiff's experts, Dr. Herbert Y. Lin ("Lin"), a clinical nephrologist, seeks to opine that Kaiser did not refer Plaintiff to Cedars for evaluation until his kidney function score dropped below 20 because "Cedars-Sinai … policy could cause treating nephrologists to delay referral … until [a patient's] calculated eGFR was 20 or below."  Rebuttal Report of Dr. Herbert Y. Lin (March 28, 2025) ¶ 40. Lin also seeks to opine that Cedars' policy "caused Plaintiff's referral to be delayed …."  *Id.* ¶ 47; *see also id.* ¶ 18; *id.* ¶ 40 ("Cedars-Sinai's own poli[cy] delayed Plaintiff's referral …."); Decl. of Dr. Herbert Y. Lin in Support of Plaintiff's Reply in Support of Motion for Class Certification (March 17, 2025) ¶¶ 32, 35, 39.  These opinions should be excluded because Lin offers this **new theory, which is not alleged in the Second Amended Complaint**.  Additionally, Lin lacks expertise on the subject.  He has no experience with Kaiser and did not investigate or acquire any information about Kaiser's practices, including what determines when Kaiser will refer patients for transplant evaluation.  Lin doesn't even know whether Kaiser was familiar with Cedars' transplant selection policy.  He assumes Kaiser knew Cedars' policy (with no basis for that assumption) and speculates that such knowledge delayed referral.  Lin's speculation and assumptions are not a sufficient basis for his Kaiser opinions.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  II.  **DISCUSSION**

2      A.  **Authority of Court to Limit Admission of Evidence**

3      "A motion *in limine* is a procedural mechanism to limit in advance testimony

4  or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th

5  Cir. 2009).  "A party may use a motion *in limine* to exclude inadmissible or

6  prejudicial evidence before it is actually introduced at trial." *Johnson v. Nat. Gas*

7  *Fuel Sys., Inc.,* 2024 U.S. Dist. LEXIS 222669, *5 (E.D. Cal. Dec. 9, 2024) (citing

8  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).  A motion *in limine* "allows the

9  parties to resolve evidentiary disputes before trial and avoids potentially prejudicial

10  evidence being presented in front of the jury, thereby relieving the trial judge from

11  the formidable task of neutralizing the taint of prejudicial evidence." *Id.* (citing

12  *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003)).  A court may limit the

13  admissibility of evidence based on its "inherent authority to manage the course of

14  trials." *Zaragoza v. Cnty. of Riverside,* 2024 U.S. Dist. LEXIS 33708, *2-4 (C.D.

15  Cal. Jan. 18, 2024) (quoting *Luce,* 469 U.S. at 41 n.4).

16      B.  **Lin's Conjecture That Cedars-Sinai's Transplant Policy Caused A**

17          **Delay In The Referral of Patients, Including Plaintiff, For**

18          **Waitlisting Until Calculated eGFR Was 20 Or Below Is**

19          **Inadmissible.**

20      Lin's testimony is not admissible under Fed. R. Evid. 702 because the theory

21  of liability Lin articulates (i.e., Cedars' policy delayed plaintiff's referral) is not pled

22  in the operative Second Amended Complaint.  Plaintiff, through Lin, asserted this

23  theory of liability **after** the close of fact discovery and with no Kaiser witnesses

24  having been deposed by any party.  Fact discovery closed on January 9, 2024.

25  Kardassakis Decl. ¶ 11.  Lin asserted this new theory, in March 2025, two months

26  after fact discovery closed.  *See* Lin Decl. (March 17, 2025) ¶¶ 32, 35, 39; Lin

27  Rebuttal Rpt. (March 28, 2025) ¶¶ 18, 40, 43, 47.  "Federal Rule of Civil Procedure

28  8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

163042031.1

4

CEDAR SINAI MEDICAL CENTER'S MOTION IN LIMINE NO. 1

of what the plaintiff's claim is and the grounds upon which it rests.'" *Zaragoza, at* *16 (quoting *Pickern v. Pier 1 Imps. (U.S.), Inc.,* 457 F.3d 963, 968 (9th Cir. 2006)). Plaintiff did not provide Cedars notice of Plaintiff's "Kaiser delayed because of Cedars" theory and no good cause exists to allow amendment of the operative complaint now. *See Mejia v. Ill. Tool Works Inc.,* 2019 US. Dist. LEXIS 228668, *22 (C.D. Cal. Dec. 12, 2019) (rejecting amendment, finding "the new theories of liability have been within Plaintiffs' knowledge from the inception of this action").

Lin's testimony also should be barred because it is inadmissible under Fed. R. Evid. 702. Plaintiff offers Lin as an expert witness. "Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. The admissibility of expert testimony is comprised of three general inquiries: Is the witness qualified to testify about the subject matter? Is the testimony relevant? And is the testimony reliable?" *Zaragoza*, at *4 (citing Fed. R. Evid. 702). Lin is neither qualified to testify on the subject matter nor is his testimony reliable.

An individual can be qualified to testify as an expert if they have sufficient "knowledge, skill, experience, training, or education" about the subject matter of the testimony. Fed. R. Evid. 702. The subject matter here is Kaiser's practices for referring patients for kidney transplant evaluations. Lin admitted in deposition and written submissions that he knows nothing about Kaiser's referral practices: he has never worked for Kaiser, he did not review any Kaiser policies, he is not aware of any Kaiser contracts concerning Kaiser referrals, he did not interview Kaiser nephrologists, he did not identify any documents addressing Kaiser's practices, he does not know what Kaiser's referral policies state or how they are interpreted and implemented by Kaiser personnel, and he is not aware of whether Kaiser referring physicians rely on Cedars' policies in making referral decisions. Deposition of Dr. Herbert Y. Lin (April 11, 2025) at 55:3-56:9, 61:3-25, 65:18-66:11, 168:4-19, 176:21-24, 181:1-18); Lin Rebuttal Rpt. ¶ 17; Lin Report ¶¶ 2-4, 13. In fact, Lin admitted he does not know the kidney transplant selection policies of his own

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

hospital or other medical centers, and he makes referral decisions without considering his own or any other hospital's policies. Lin Depo. at 145:23-155:15. He is not an expert on why Kaiser does or does not refer kidney disease patients for possible transplant or what affects Kaiser's decisions.

Nor is Lin's testimony on the subject matter reliable. He is not providing scientific testimony but rather an opinion not grounded in facts. When testimony is non-scientific, its admissibility is premised on the "knowledge and experience of the expert" in the subject matter. *Zaragoza,* at *6 (citation omitted). Lin has no experience with or knowledge of Kaiser's transplant referral practices, including Kaiser's referral interactions with Cedars. Lin doesn't even understand Cedars' selection policy.[2] His purported expert "opinions" on Kaiser's decision-making as it relates to Cedars must be excluded.

## C. Lin's Conjecture That Cedars-Sinai Knew The Test Method Kaiser Used At The Time Cedars Registered Plaintiff On The Kidney Transplant Waitlist Is Inadmissible Under Fed. R. Evid. 702

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[2] Lin is unsure of the Cedars policy in effect during the relevant period. He mistakenly focuses on Cedars' 04/29/2019 policy, which became effective months **after** Cedars registered Randall for the kidney transplant waitlist. *See* Kim Decl. (March 28, 2025) Ex. 1 ¶ 15. Lin also misconstrues when Cedars will accept patients for evaluation for kidney transplant pre-emptive listing. *Id.* ¶¶ 17-18.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

163042031.1

6

CEDAR SINAI MEDICAL CENTER'S MOTION IN LIMINE NO. 1

1    Fed. R. Evid. 702. Expert testimony is admissible under Rule 702 "if it is both

2    relevant and reliable." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

3    "[R]elevance means that the evidence will assist the trier of fact to understand or

4    determine a fact in issue." *Id.* Under the reliability requirement, expert testimony

5    must "relate to scientific, technical, or other specialized knowledge, which does not

6    include unsubstantiated speculation and subjective beliefs." *Id.*

7    "Importantly, there must be a recognized body of knowledge, learning, or

8    expertise upon which the witness relies. Where there is no field of expertise,

9    nobody will qualify as an expert witness on the subject." *Perez v. Seafood Peddler*

10   *of San Rafael, Inc.*, 2014 WL 2810144, *2 (N.D. Cal. June 20, 2014) (internal

11   quotation marks omitted). The burden is on the proponent of the expert testimony to

12   show, by a preponderance of the evidence, that the admissibility requirements are

13   satisfied. *See id.* at *4.

14   Lin's testimony that Cedars knew Kaiser used the race-based coefficient to

15   calculate Plaintiff's eGFR score when Cedars registered Plaintiff on the transplant

16   waitlist should be excluded. First, this is not a proper subject for expert opinion. It

17   is a fact issue that should be adjudicated based on actual evidence. In his Rebuttal

18   Report, Lin opines, "When Cedars-Sinai did place Mr. Randall on the waitlist, it

19   used a race-adjusted eGFR score, i.e., the medical records indicate that Mr. Randall

20   was registered using his September 25, 2018, lab score, and that this lab score was

21   multiplied by 1.16 (the race-based coefficient used in the 2009 CKD-EPI equation)

22   because Mr. Randall is Black. This is consistent with all of Randall's lab scores

23   while at Cedars-Sinai and the testimony of Dr. Irene Kim ("Kim") that Cedars-Sinai

24   used the race-based coefficient." Lin Rebuttal Rpt. ¶ 41. Lin speculates that Cedars

25   knew or should have known about Kaiser's use of the race-based coefficient because

26   "Cedars-Sinai policy requires that Cedars-Sinai may only register patients using

27   certain tests to estimate GFR, including the race-based MDRD test." *Id.* ¶ 43 (citing

28   to Kim testimony that Cedars policy provided, "For patients not yet on chronic

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    dialysis, GFR is determined by calculation of the creatinine clearance, MDRD

2    formula, Cockcroft-Gaul formula, or by determination of a nuclear GFR scan.").

3    Lin argues, "If Cedars-Sinai did not know how the test was calculated, Cedars-

4    Sinai's Kidney Transplant Selection Policy would not allow it to use the February

5    2018 score to register Plaintiff.  This is consistent with Cedars-Sinai not relying on

6    the February 2018 test, instead registering Plaintiff using a race-based test from

7    September 2018, entering the race-adjusted value into UNet." *Id.* ¶ 46.  Lin's

8    opinion is inadmissible because he lacks knowledge and has no expertise to opine

9    on this subject matter.

10        Lin conflates Cedars' policy on assessing potential kidney transplant patients

11   with Cedars' practice in adding patients to the UNet kidney transplant wait list.

12   Cedars' Kidney Transplant Selection Policy provides that Cedars' Patient Selection

13   Committee determines the suitability of candidates for kidney transplantation.  *See*

14   Dkt. 104-50 (policy effective 05/29/2018).  The policy states, "For patients not yet

15   on chronic dialysis, GFR is determined by calculation of the creatinine clearance,

16   MDRD formula, Cockcroft-Gault formula, or by determination of a nuclear GFR

17   scan." *Id.* at p. 3 of 6.  While any of these four methods are expressly accepted,

18   only one (the MDRD formula) involves a race factor.  As to Cedars practice in

19   registering patients on the transplant list, the evidence is the following: "When

20   presented with a GFR score of 20 or below from a referring physician as Kaiser

21   provided for Mr. Randall, it was not Cedars-Sinai's practice in 2018 or January

22   2019 to investigate what method the referring physician used to determine that

23   score. … The UNet registration at that time did not call for information regarding

24   the method used to determine the GFR score.  No further inquiry regarding what

25   method the referring physician used was required."  Declaration of Margaret Farrell

26   (Apr. 22, 2025) ¶ 5.  Lin ignores these facts and seeks to opine that Cedars somehow

27   knew the method used to determine GFR score.  But, Lin is not an expert on Cedars'

28   practices or what Cedars knew at the time.  He simply seeks to opine that he does

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

163042031.1

8

CEDAR SINAI MEDICAL CENTER'S MOTION IN LIMINE NO. 1

1    not believe Farrell.

2          Similar to Farrell, Kim, director of the Comprehensive Transplant Center at

3    Cedars,[3] offers a declaration that Cedars *did not know* what test method Kaiser used

4    to generate Plaintiff's eGFR score.  *See, e.g.,* Kim Decl. (Feb. 11, 2025) Ex. 1 ¶ 5.

5          Lin's opinion is also internally inconsistent.  He reviews Kaiser lab reports

6    (that Cedars did not have in 2018 or 2019) and reads Kaiser's report to state that

7    Kaiser multiplied Plaintiff's September 2018 lab score by 1.16 (the race-based

8    coefficient used in the 2009 CKD-EPI equation).  Lin Decl. ¶ 33; Lin Rebuttal Rpt.

9    ¶ 41.  Lin asserts Cedars must have known what method Kaiser used to determine

10    GFR because Cedars' selection policy identifies only four acceptable methods for

11    GFR determinations (i.e., Cedars would have checked to confirm compliance with

12    policy).  Lin Decl. ¶ 38. Lin contends Cedars used a score Kaiser generated using

13    the CKD-EPI equation, which was **not** one of the four accepted methods.  *Id.*  But if

14    Cedars had investigated what method Kaiser used and had learned it was the CKD-

15    EPI equation, and if Cedars strictly adhered to the policy of only accepting the four

16    listed methods, Cedars would not have registered Plaintiff because the CKD-EPI

17    method is not one of the accepted methods.  This directly contradicts Lin's

18    conjecture that Cedars must have checked the September 2018 test used to calculate

19    Plaintiff's eGFR score.  *Cooper*, 510 F.3d at 942.  Lin's testimony is based on

20    "unsubstantiated speculation and subjective beliefs" and should not be allowed.  *Id.*

21    / / /

22    / / /

23    / / /

24    _____

25    [3] Kim is a board-certified general surgeon and certified by the American Society of

26    Transplant Surgeons as a multiorgan transplant surgeon.  She is a Professor of Surgery and the Mark and Esther Schulman Endowed Chair in Transplant Medicine at Cedars.

27    She serves as Cedars' Surgical Director, Liver Transplant program. Kim Decl. (Feb.

28    11, 2025) Ex. 1 § II.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  / / /

2  **III.    <u>CONCLUSION</u>**

3         For the reasons herein, Defendant requests the Court grant its Motion in *Limine*

4  No. 1.

5  DATED:  August 20, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7

8                                          By:    _____/s/ Jon Kardassakis_____

9                                                 Jon Kardassakis
                                                   Attorneys for Defendant Cedars-Sinai
10                                                Medical Center

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>DECLARATION OF JON KARDASSAKIS</u>

I, Jon Kardassakis, declare as follows:

1.      I am an attorney duly admitted to practice in this Court and am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for defendant Cedars-Sinai Medical Center ("Defendant") in this action.  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.      On August 13, 2025, I and Daniel Blouin (on behalf of UNOS) met and conferred with George Laiolo, Matthew Venezia, and Daniel Contreras, attorneys for Plaintiff Anthony Randall ("Plaintiff").  During meet and confer we identified for Plaintiff's counsel that Defendant would move to exclude the opinion testimony of Dr. Herbert Y. Lin described in the motion.  The parties were not able to resolve the dispute over the subject testimony.

3.      Attached as Exhibit 1 is a true and correct copy of the Expert Report of Dr. Herbert Y. Lin (Feb. 14, 2025) (Dkt. 149-58).

4.      Attached as Exhibit 2 is a true and correct copy of the Rebuttal Report of Dr. Herbert Y. Lin (March 28, 2025).

5.      Attached as Exhibit 3 is a true and correct copy of the Declaration of Dr. Herbert Y. Lin in Support of Plaintiff's Reply in Support of Motion for Class Certification (March 17, 2025).

6.      Attached as Exhibit 4 is a true and correct copy of the Declaration of Irene K. Kim in Support of Defendants' Joint Opposition to Plaintiff's Motion for Class Certification (Feb. 11, 2025).

7.      Attached as Exhibit 5 is a true and correct copy of the Declaration of Irene K. Kim (March 28, 2025).

8.      Attached as Exhibit 6 is a true and correct copy of the transcript of the deposition of Dr. Herbert Y. Lin (April 11, 2025) (cited excerpts).

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9.      Attached as Exhibit 7 is a true and correct copy of the Declaration of Margaret Farrell (Apr. 22, 2025).

10.     Attached as Exhibit 8 is a true and correct copy of Cedars' Kidney Transplant Selection Policy (effective 05/29/2018) (Dkt. 104-50).

11.     Fact discovery closed in this action on January 9, 2025.  Dkt. 49.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 20th day of August 2025, at Los Angeles, California.


                                        /s/ Jon Kardassakis
                                        Jon Kardassakis

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, a true and correct copy of the foregoing **CEDARS-SINAI MEDICAL CENTER'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE OPINION TESTIMONY OF HERBERT Y. LIN AT TRIAL; MEMO OF POINTS AND AUTHORITIES; DECLARATION OF JON KARDASSAKIS** was filed electronically with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the CM/ECF System. Parties may access this filing through the Court's electronic filing system.

DATE: August 20, 2025

By:      /s/ Jon Kardassakis

Jon Kardassakis
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Jon.Kardassakis@lewisbrisbois.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2025, a true and correct copy of the foregoing **NOTICE OF ERRATA RE CORRECTION TO CITATION IN CEDARS-SINAI'S MOTION IN LIMINE NO. 1** was filed electronically with the Clerk of the Court using the CM/ECF System.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the CM/ECF System.  Parties may access this filing through the Court's electronic filing system.

DATE:  September 12, 2025

By:     /s/ Jon Kardassakis
        Jon Kardassakis
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        633 West 5th Street, Suite 4000
        Los Angeles, California 90071
        Telephone: 213.250.1800
        Jon.Kardassakis@lewisbrisbois.com

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW