WATSTEIN TEREPKA LLP
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@wtlaw.com
George Laiolo (State Bar No. 329850)
  glaiolo@wtlaw.com
Daniel A. Contreras (State Bar No. 329632)
  dcontreras@wtlaw.com
515 South Flower Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 753-1337
Facsimile:  (404) 537-1650

KELLER ROHRBACK L.L.P.
David J. Ko (*pro hac vice*)
  dko@kellerrohrback.com
Daniel P. Mensher (*pro hac vice*)
  dmensher@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile:  (206) 623-3384

Attorneys for Plaintiff
ANTHONY RANDALL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY RANDALL,<br><br>       Plaintiff,<br><br>   vs.<br><br>UNITED NETWORK FOR ORGAN SHARING; CEDARS-SINAI MEDICAL CENTER,<br><br>       Defendants. | Case No. 2:23-cv-02576-MEMF-MBKx<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER APPROVING PLAINTIFF'S CLASS NOTICE PLAN AND EXTENDING THE CLASS NOTICE AND OPT-OUT DEADLINES**<br><br>Ctrm.:   8B<br>Judge:   Maame Ewusi-Mensah Frimpong |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Anthony Randall ("Plaintiff"), on behalf of himself and the certified California and Cedars Classes, hereby applies *ex parte* for an order (i) approving Plaintiff's Class Notice Plan and Proposed Class Notice, filed July 1, 2026 (ECF No. 282); (ii) extending the deadline to complete dissemination of the class notice, presently August 12, 2026, and the deadline for class members to opt out, presently September 23, 2026 and (iii) issuing an order compelling third parties the UC Regents to provide to Plaintiff contact information for class members in their possession, as set forth below.

Specifically, Plaintiff requests that the Court order that:

(a) the deadline to complete dissemination of the class notice be extended to twenty-one (21) days after the later of (i) August 12, 2026 or (ii) the date on which the Court rules on the Class Notice Plan;

(b) the deadline for class members to opt out be extended by the same number of days by which the class notice deadline is extended under subparagraph (a), and be set forty-two (42) days after the extended class notice deadline;

(c) the UC Regents provide Plaintiff's counsel with contact information for class members in their possession.

This Application is made on the grounds that Plaintiff cannot give class notice until the Court rules on the Class Notice Plan and approves the form of notice. Rule 23(c)(2)(B) provides that it is the Court that "must direct to class members the best notice that is practicable under the circumstances." Plaintiff filed the Class Notice Plan and the stipulated Proposed Class Notice on July 1, 2026, the date set by the Court's June 1, 2026 Order. ECF No. 261 ¶ 1.c. The Court has not yet ruled. The deadline to complete dissemination of the class notice is August 12, 2026, and the September 23, 2026 opt-out deadline is measured from a notice that, as matters stand, cannot be given. ECF No. 261 ¶¶ 1.d–1.e. Additionally, without contact information for class members in possession of non-parties the UC Regents, Plaintiff cannot provide court-directed notice to those class members. Absent relief, the certified Classes will be prejudiced, and the notice deadline will pass without the possibility of compliance.

Pursuant to Local Rule 7-19.1, counsel for Plaintiff notified counsel for Defendants of the date and substance of this Application and of Plaintiff's intent to apply *ex parte*. Counsel for Defendant United Network for Organ Sharing and for Cedars-Sinai Medical Center advised that neither Defendant opposes. Declaration of Matthew L. Venezia ("Venezia Decl.") ¶ 9.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Matthew L. Venezia, the records and files of this action, and any further argument or evidence the Court might deem proper.

As required by Local Rule 7-19, the names, addresses, telephone numbers, and email addresses for the opposing parties are as follows:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Jon P. Kardassakis, SB# 90602
E-Mail: Jon.Kardassakis@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Attorneys for Defendant Cedars-Sinai Medical Center*

**WINSTON TAYLOR LLP**
Daniel M. Blouin (admitted pro hac vice)
dblouin@winston.com
Thomas G. Weber (admitted pro hac vice)
tgweber@winston.com
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600

Shawn R. Obi (SBN 288088)
sobi@winston.com
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700

*Attorneys for Defendant United Network for Organ Sharing*

**CROWELL & MORING LLP**
Anna Saber
Asaber@crowell.com
Emily Kuwahara
ekuwahara@crowell.com
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 365-7452

*Attorneys for non-party the UC Regents*

3

Case No. 2:23-cv-02576-MEMF-MBKx

PLAINTIFF'S EX PARTE APPLICATION

Dated:  August 10, 2026

WATSTEIN TEREPKA LLP

Matthew L. Venezia
George Laiolo
Daniel A. Contreras

KELLER ROHRBACK L.L.P.
David J. Ko
Daniel P. Mensher


s/Matthew L. Venezia

By: Matthew L. Venezia
*Attorneys for Plaintiff Anthony Randall*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On March 25, 2026, this Court certified two classes. ECF No. 253. In its June 1, 2026 Order amending the Civil Trial Order, the Court set July 1, 2026 as the deadline for the parties to submit a proposed notice form and class notice plan; August 12, 2026 as the deadline to complete dissemination of the class notice; and September 23, 2026 as the deadline for class members to opt out. ECF No. 261 ¶¶ 1.c–1.e. Plaintiff filed the Class Notice Plan and the stipulated Proposed Class Notice on July 1, 2026, the date the Court set. ECF Nos. 282, 282-1. Plaintiff has retained Epiq Class Actions & Claims Solutions, Inc. ("Epiq") to administer notice, and Epiq has executed the Acknowledgment attached to the Stipulated Protective Order in this case. Venezia Decl. ¶ 5; ECF No. 282 at 2.

Rule 23(c)(2)(B) commits the direction of class notice to the Court: for a class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77 (1974). Until the Court rules on the Class Notice Plan and approves the form of the notice, Plaintiff has no approved notice to disseminate and no approved opt-out instructions to give class members.

The deadline to complete dissemination of the class notice is August 12, 2026, and the deadline for class members to opt out is September 23, 2026. ECF No. 261 ¶¶ 1.d–1.e. The Court has not yet ruled, and Plaintiff therefore faces a deadline he cannot meet despite his own diligence, and the certified Classes face an opt-out period that would begin to run from a notice they cannot yet receive.

Plaintiff respectfully asks that the Court approve the Class Notice Plan and stipulated Proposed Class Notice; reset the class notice deadline to 21 days after the later of August 12, 2026, or the date of the Court's ruling; set the opt-out deadline 42 days after the extended class notice deadline; and order that the UC Regents provide Plaintiff's counsel with contact information for class members in their possession.

For these reasons, and as explained below, Plaintiff respectfully requests, on behalf of the

PLAINTIFF'S EX PARTE APPLICATION

certified classes, that this Application be granted.

## II.   STATEMENT OF FACTS

### A.   The Court certifies two classes and sets a notice schedule.

This action challenges the use of a race-based coefficient in the eGFR calculation that historically governed placement and wait time credit on the national kidney transplant waitlist. On March 25, 2026, the Court granted Plaintiff's motion for class certification and certified two classes. ECF No. 253 at 20.

On June 1, 2026, the Court entered its Order Regarding Amendment of the Civil Trial Order and *Ex Parte* Application to Extend Class Discovery. ECF No. 261. That Order set the deadline for the parties to submit a proposed notice form and class notice plan as July 1, 2026; the deadline to complete dissemination of the class notice as August 12, 2026; and the deadline for class members to opt out as September 23, 2026. *Id.* ¶¶ 1.c–1.e. Venezia Decl. ¶ 3. The interval between the notice deadline and the opt-out deadline is 42 days. The same Order directed the parties to meet and confer and repropose dates for pretrial filings, the final pretrial conference, and trial, for a trial starting in December 2026, January 2027, or February 2027. ECF No. 261 ¶ 2.

The parties complied with that directive. Counsel for Plaintiff and for Defendants met and conferred on June 3, 2026 and by email thereafter, and on June 8, 2026, the parties filed their Joint Stipulation Proposing New Pretrial and Trial Dates. ECF No. 266. The Joint Stipulation proposes a first round of trial filings on November 6, 2026, a second round on November 20, 2026, a final pretrial conference on January 13, 2027, and trial commencing February 1, 2027. *Id.* at 2. The Court has not ruled on the Joint Stipulation. Venezia Decl. ¶ 4.

### B.   Plaintiff timely submits the Class Notice Plan and Proposed Class Notice.

Consistent with the Court's order, Plaintiff filed his Class Notice Plan, and as Exhibit A thereto, the Proposed Class Notice on July 1, 2026.  ECF Nos. 282, 282-1. Venezia Decl. ¶ 4. The form of notice is stipulated. ECF No. 282 at 2 (submitting "this Proposed Class Notice Plan and stipulated Class Notice"). Thus, the only step outstanding is the Court's direction of notice under Rule 23(c)(2)(B). The Plan describes a notice program consisting of direct notice by email and first-class mail, a targeted digital campaign, sponsored search listings, a case website, a toll-free number,

PLAINTIFF'S EX PARTE APPLICATION

a dedicated post office box, and an email address for inquiries and exclusion requests. ECF No. 282 at 2–5. The Proposed Class Notice states, consistent with the Court's schedule, that a request for exclusion "must be received no later than September 23, 2026." ECF No. 282-1 at 4.

Plaintiff has retained Epiq to administer the program. ECF No. 282 at 2; Venezia Decl. ¶ 5. Once the Court approves the form of notice, Epiq must load the class list into a secure case database, run de-duplication, perform address research using skip-trace and USPS National Change of Address data, and then execute the email and postcard mailings and launch the digital effort. ECF No. 282 at 3–4; Venezia Decl. ¶ 5. That work cannot begin against a notice form that has not been approved.

**C.      The Court has not yet ruled, and the notice deadline is days away.**

As of the filing of this Application, the Court has not yet ruled on Plaintiff's Class Notice Plan. Venezia Decl. ¶ 6. Plaintiff therefore has no approved notice to send. The August 12, 2026 deadline will arrive within days, and the September 23, 2026 opt-out deadline is fixed by reference to a notice that has not yet been authorized. *Id*. ¶¶ 6–7.

**D.      Plaintiff, UNOS, and the UC Regents reach an impasse regarding class-member contact information, conduct an IDC, receive no ruling.**

On August 3, 2026, counsel for Plaintiff, UNOS, and the UC Regents submitted a joint request for an informal discovery conference regarding class member contact information in the UC Regents' possession. Venezia Decl. ¶ 10, Ex. 1. Per the stipulation agreed by the parties at ECF No. 71 and adopted by the Court at ECF No. 72, Defendant UNOS agreed to produce contact information for members of the classes the Court certified on March 25, 2026. Defendant UNOS has informed Plaintiff that it does not have access to the class member contact information, so Plaintiff, UNOS, and the UC Regents worked together to find a method to obtain the class member contact information without violating patient privacy. Venezia Decl. ¶ 10, Ex. 1. While Plaintiff's counsel maintains that it is entitled to class member contact information as court-appointed class counsel in order to provide appropriate notice of the class action, UC Regents' counsel disagrees, and in an effort to avoid unnecessary motion practice, the parties respectfully jointly requested in an IDC that the Court enter an order compelling the UC Regents to produce the class member contact

information at issue. *Id.*; *see* Cal. Civ. Code section 56.10(b)(1)(A) ("A provider of health care, a health care service plan, or a contractor shall disclose medical information if the disclosure is compelled by any of the following: (1) (A) A court order issued by a court of this state or a federal court. . . .").

In the IDC Statement, UNOS specified:

"[w]ithout waiver of UNOS's position regarding who is properly in the California Class, UNOS agrees that the identification of class members for purposes of class notice will include identification of Black kidney transplant patients who, prior to July 27, 2022, had a 'straddling score,' meaning an eGFR score above 20 if calculated using a race-adjusted calculation but 20 or lower if using a race-neutral calculation."

Venezia Decl. ¶ 10, Ex. 1. Additionally in the IDC Statement, the UC Regents' position was:

"[t]he existing stipulation between UC and Plaintiff does not cover the provision of patient contact information. UC understood, based on party representation, that providing the UNET waitlist ID numbers would allow the parties to locate patient contact information. UC previously produced patient records pursuant to the stipulation entered by the Court. The parties have now requested UC to provide the contact information for the patients whose records UC produced, which is a request that goes beyond the scope of the existing stipulation. Because HIPAA disallows the disclosure of additional information not subject to the Court order, absent individual patient consent (which UC anticipates would take considerable amount of time and effort) or court order requiring the production, UC is unable disclose contact information either to class counsel or UNOS counsel. To the extent that the Court determines that UC would be required to provide contact information, UC requests an order from the Court mandating the production.

*Id.*

As of the date of filing this Application, the Court has not issued an order on the IDC.

## III.    <u>ARGUMENT</u>

### A.    <u>*Ex parte* relief is warranted.</u>

*Ex parte* relief is appropriate where the moving party will be irreparably prejudiced if forced to await a regularly noticed motion and the moving party is not responsible for creating the urgency. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both elements are met here.

First, Plaintiff and the certified Classes would be irreparably prejudiced absent *ex parte* relief. Under Local Rule 6-1, a regularly noticed motion requires at least 28 days' notice and could not be heard until well after the August 12, 2026 notice deadline had lapsed, and depending on the

Court's calendar, potentially at or near the September 23, 2026 opt-out deadline. Further, even if the Notice had been approved, Plaintiff, through no fault of his own, would not be able to notify class members whose contact information the UC Regents will not provide without a court order. Venezia Decl. ¶ 11.

Second, the urgency is not of Plaintiff's making. Plaintiff filed the Class Notice Plan and Proposed Class Notice on the date the Court set, July 1, 2026. ECF No. 282. He retained a nationally recognized notice administrator in advance and obtained its execution of the Acknowledgment to the Stipulated Protective Order. *Id.* at 2. Plaintiff brings this Application promptly upon it becoming apparent that the August 12 deadline would arrive before a ruling has issued, and absent a decision on the IDC regarding UC Regent class member contact information. Venezia Decl. ¶¶ 8–11.

**B.    Good cause exists to extend the notice and opt-out deadlines and to order production of the class member contact information.**

A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b)(4). Good cause turns on the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where the moving party acted diligently but cannot meet the deadline despite that diligence, good cause exists. *Id.* That standard is comfortably met here.

Plaintiff met every deadline within his control. He filed the notice plan on the date set and engaged Epiq before filing. Good cause therefore exists to extend the notice and opt-out deadlines.

Nor will any party be prejudiced. The form of the notice is stipulated, and the requested adjustment preserves the 42-day interval between dissemination and exclusion. The requested order would simply conform the notice to the operative opt-out deadline. Granting this Application protects the integrity of the notice process, ensures that the class members receive Court-approved notice, and ensures that the period in which they may exercise their exclusion rights follows dissemination of that notice.

Furthermore, good cause exists to allow the notice, once approved, to be mailed to class members whose contact information is currently withheld by the UC Regents. As the classes have been certified, counsel for Plaintiff are these class members' attorneys in connection with this case. Absent a court order, Plaintiff's counsel cannot deliver any class notice to their clients, or field any

other questions related to the case their clients may have.

**C.      The requested relief is narrowly tailored.**

Plaintiff has framed the requested relief so that no further application will be necessary whenever the Court rules. The deadline to complete dissemination of the class notice would be 21 days after the later of August 12, 2026 or the date of the Court's ruling. The requested 21-day period provides time for Epiq, after approval, to complete the notice-processing steps described in the Plan, including loading and processing the class list, performing address research, and executing the email and mail campaigns. ECF No. 282 at 3–4. The opt-out deadline would be 42 days after the extended class notice deadline, which applies the same extension to both existing deadlines and preserves the current 42-day interval between dissemination and exclusion. The relief requested is thus the minimum necessary and eliminates the need for successive applications as the calendar advances. Further, the only way for Plaintiff's counsel to provide class notice or to otherwise communicate with UC-Regent class members is for the Court to order the UC Regents to provide those class members contact information. Absent this relief, Plaintiff's counsel cannot communicate with those class members (Plaintiff's counsel's clients).

**IV.      CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Application.

Dated:  August 10, 2026                    WATSTEIN TEREPKA LLP

                                           Matthew L. Venezia
                                           George Laiolo
                                           Daniel A. Contreras

                                           KELLER ROHRBACK L.L.P.
                                           David J. Ko
                                           Daniel P. Mensher


                                           _s/Matthew L. Venezia_____

                                           Matthew L. Venezia
                                           *Attorneys for Plaintiff Anthony Randall*